IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL RAY HUFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:24-cv-01503 |
| MONTGOMERY COUNTY SHERIFF, | ) Judge Trauger ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Ray Huff, a Clarksville, Tennessee resident proceeding pro se, filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 against the Montgomery County Sheriff, claiming false imprisonment, malicious prosecution, and abuse of process. (Doc. No. 1 at 1–3.) The plaintiff also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. APPLICATION TO PROCEED IFP

The plaintiff's IFP application does not list any monthly income or expenses, consistent with its indication that he was only recently released from jail. (Doc. No. 2 at 5.) It therefore appears that he cannot pay the full civil filing fee in advance "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

### II. INITIAL REVIEW

A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

B. Factual Allegations

The Complaint seeks damages to compensate the plaintiff for claimed violations of his rights resulting from his arrest and prosecution on "ficti[ti]ous" charges of theft that were ultimately dismissed. (Doc. No. 1 at 4.) In May 2023, while the plaintiff was at work, unnamed "Montgomery County Sheriff officers" came to his mother's house where he lived, asked his mother about his location (which she provided), and proceeded to conduct a warrantless search of

2

the house during which they found property they claimed was stolen. (*Id.*) Four months later, in September 2023, the plaintiff was arrested on a warrant related to the property recovered from his mother's house. (*Id.*) The plaintiff "bonded it out on two bonds $25,000.00 and $50,000.00 because of Montgomery County charging [him] with three thefts." (*Id.*) He lost his job and pickup truck as a consequence of being jailed. (*Id.*) In early January 2024, the plaintiff fired his public defender and hired a private defense attorney. (*Id.*) Then, on January 8, 2024, the plaintiff was released from jail. According to what he was told and what was revealed in "court papers," his theft charges had been dismissed. (*Id.*) Moreover, "[t]he property [he] was charged with stealing wasn't actually stolen and the serial numbers the officers stated were proof of stolen property didn't match the equipment." (*Id.*) The plaintiff thus claims that he was dishonestly charged with theft. (*Id.*)

The Complaint alleges, confusingly, that the plaintiff was incarcerated on these theft charges for 367 days, from January 6, 2023 to January 8, 2024, while also alleging that he was arrested in September 2023 and subsequently "bonded it out." (*Id.* at 4–5.) It seeks an award of damages to compensate for, *inter alia*, "the money in bonds that were surrendered due to the[] false allegations," claiming $107,500.00 as "[t]he monetary amount for bonds and truck." (*Id.* at 5.)

C. <u>Analysis</u>

As an initial matter, the only defendant named in the Complaint is the Montgomery County Sheriff.[1] It appears that the plaintiff intends to sue the Sheriff as a stand-in for the Sheriff's Office at large, which he accuses of targeting him for an unspecified reason. (*See* Doc. No. 1 at 4 (alleging that plaintiff suffered various harms "[b]ecause of the Sheriff's department targeting me"), 5

---

[1] Though not named in the Complaint, the Sheriff of Montgomery County is John Fuson. *See* https://montgomerytn.gov/sheriff (last visited Dec. 4, 2025).

(claiming that "the Sheriff's department . . . owes me the money in bonds that were surrendered due to their false accusations").) But "sheriff's departments are not proper parties to a § 1983 suit," *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (citing cases), nor is the Sheriff himself subject to liability under Section 1983 simply because he "was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Rather, allegations of the Sheriff's personal involvement in the alleged unconstitutional action are necessary for the plaintiff plausibly to claim entitlement to relief against him under Section 1983. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). The Complaint contains no such allegations linking the plaintiff's claimed harm to any action of the Montgomery County Sheriff.

Furthermore, in view of the confusing nature of the Complaint's factual allegations, the court takes judicial notice of adjudicative facts revealed in the Montgomery County Online Court Records System.[2] These records reveal that two theft charges were filed against the plaintiff on February 16, 2023, based on conduct that allegedly occurred on May 30, 2022. https://montgomery.tncrtinfo.com/crCaseForm.aspx?id=13FA7EDC-BA12-4BA6-8FE3-

---

[2] The court may take judicial notice of adjudicative facts at any stage of the proceedings, Fed. R. Evid. 201, including facts contained in "public records and government documents available from reliable sources on the Internet," *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021) (quoting *Roane Cnty., Tennessee v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 WL 2025613, at *3 (E.D. Tenn. Apr. 27, 2020), and facts concerning "proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999). Courts routinely take judicial notice of such facts and records during initial review of pauper or prisoner complaints, *see, e.g.*, *Lester v. Giles Cnty.*, No. 1:24-CV-00088, 2025 WL 2664074, at *2 (M.D. Tenn. Sept. 17, 2025); *Mallory v. Ellerman*, No. 3:24-CV-P54-JHM, 2024 WL 2140249, at *1 & n.1 (W.D. Ky. May 13, 2024); *Baalim v. Pres. Hall LLC*, No. 4:22-CV-00034-ACL, 2022 WL 910260, at *3 n.4 (E.D. Mo. Mar. 29, 2022)—though care must be taken to consider such records "for the truth of the statements contained within them only when the 'contents prove facts whose accuracy cannot reasonably be questioned.'" *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023) (quoting *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

2622BC1B4754&dsid=fc048db5 (last visited Dec. 4, 2025). These facts do not appear to align with the plaintiff's allegation that he was arrested on theft charges in September 2023. The two theft charges reflected in these online records were dismissed on January 8, 2024, *id.*, the day that the plaintiff alleges he was released (*see* Doc. No. 1 at 4) and the same day that, according to Montgomery County records, he pled guilty to charges of methamphetamine possession and assault with bodily injury. https://montgomery.tncrtinfo.com/crCaseForm.aspx?id=BC1DCF2B-0126-4935-AADA-CA3EBA11BB4D&dsid=fc048db5 (last visited Dec. 4, 2025).[3] Those drug and assault charges were filed against him on April 4, 2023, based on conduct that occurred on January 5, 2023. *Id.* The plaintiff alleges that his incarceration began on January 6, 2023. (*See* Doc. No. 1 at 4.) The Montgomery County online records thus cast considerable doubt on the plaintiff's allegations that (1) he was jailed on theft charges, rather than drug and assault charges, on January 6, 2023, and (2) his theft charges were dismissed because they were fictitious, rather than because he agreed to plead guilty to other pending charges.

### III. INSTRUCTIONS TO PLAINTIFF

Although the Complaint as currently constituted does not assert a viable claim against a proper defendant, the court in its discretion can allow the plaintiff to amend his complaint under Federal Rule of Civil Procedure 15(a). *See also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The court will exercise that discretion in this case and allow the plaintiff an opportunity to amend to specify the individual defendant(s) responsible for the malicious prosecution and abuse of process he claims, and to clarify the facts surrounding the theft charges he claims to be fictitious and the resulting period of incarceration he claims to be false imprisonment.

---

[3] These records also reveal that a charge of "Resist Stop, Arrest, Search (No Weap)" was dismissed on January 8, 2024.

The plaintiff **MUST** file an Amended Complaint that complies with the instructions in this order within **30 DAYS** of the entry of the order. The Clerk is **DIRECTED** to provide the plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). The plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, will result in the dismissal of this case.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge